UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NAJIA NASIRI KAZEMY, | Case No. 3:13-cv-02050-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| BMW OF NORTH AMERICA, LLC, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

     Plaintiff, Najia Nasiri Kazemy ("Kazemy"), moves the court to remand her cause of action based on lack of federal subject-matter jurisdiction. Kazemy filed her complaint in the Circuit Court of the State of Oregon for the County of Washington on October 21, 2013. On November 15, 2013, defendant BMW of North America, LLC ("BMW"), timely removed the action to federal court under

asserting the existence original jurisdiction based on diversity jurisdiction under the provisions of 28 U.S.C. § 1332.  On December 15, 2013, Kazemy filed her motion to remand.

The court finds Kazemy's complaint sufficiently alleges facts that support original federal jurisdiction based on diversity under 28 U.S.C. § 1332.  Accordingly, the court recommends Kazemy's motion to remand be denied.

*Background*

Kazemy purchased a used 2009 BMW X3 (the "Vehicle") on or about September 25, 2011, from O'Brien Auto Group in Salem, Oregon ("BMW Salem.")  (Compl. ¶ 3.)  The Vehicle was manufactured and warranted by BMW.  (Pl.'s Mot. to Remove to State Court ("Pl.'s Mot.") at 1.)  The Vehicle allegedly suffers from a defect or condition where the battery cannot hold a charge and must be jump-started repeatedly even after several repair attempts.  (*Id.*)

The parties' citizenship is undisputed.  BMW is a corporation organized under the state laws of Delaware with its principal place of business in New Jersey.  (Pl.'s Mot. at 2.).  BMW has a registered agent in Oregon.  (*Id.*)  Kazemy is a citizen of Oregon.  (*Id.*)

Kazemy seeks two types of damages in her complaint and relies on two statutes in support of her damages claims.  She alleges compensatory and bad faith damages of $35,000 and $50,000,[1] respectively, under both the Oregon Lemon Law, OR. REV. STAT. § 646A.400, *et seq.*, a state law cause of action, and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* ("the Act"), a federal law cause of action.  (Compl. at 14.)

The compensatory damages represent the fair market value of the Vehicle or a replacement

---

[1] Kazemy also seeks "collateral charges, incidental costs, and attorney's fees and costs." (Compl. at 14.)

for the Vehicle.  (Compl. at 14.)  The Vehicle purchase agreement reflects a $35,000 price for the Vehicle.  (Compl. Ex. A.)

The $50,000 bad faith damages claim is based on BMW's alleged refusal to perform repair work covered by the Vehicle's warranty.  Specifically, Kazemy alleges BMW Salem refused to accept the Vehicle for servicing several times in October, 2013.  (Compl. ¶¶ 49-54.)  BMW Salem told Kazemy it had received a letter from BMW instructing it not to service the Vehicle.  (Compl. ¶¶ 52, 54, 55, 56.)  When Kazemy filed her complaint, she was unable to use the Vehicle because BMW Salem was, at that time, refusing to repair the Vehicle.  (Compl. ¶ 57.)  Kazemy represents that since then, BMW Salem has accepted the Vehicle for repair, and has indicated it would accept it for repair again in the future.  (Pl.'s Reply to BMW's Opp'n to Pl.'s Mot. for Remand ("Pl.'s Reply") at 3.)  Kazemy indicated she may drop the $50,000 bad faith claim if BMW Salem continues to service the Vehicle.  (*Id.*)

*Preliminary Procedural Matter*

BMW argues that Kazemy failed to comply with two of the court's local rules in filing her motion to remand, and BMW asks the court to deny Kazemy's motion on this ground rather than consider the merits of the motion.  The court's local rules require, as a condition of filing a motion, the moving party to certify that the parties made a good faith effort to resolve their dispute and could not do so, or that one party willfully refused to confer, and to so certify.  LR 7-1(a).  The purpose of Local Rule 7-1 is to encourage parties to confer and resolve disputes amicably whenever possible, thus preserving judicial resources for only those disputes that truly require court intervention.  *Thompson ex rel. Thorp Family Charitable Remainder Unitrust v. Federico*, 324 F. Supp. 2d 1152, 1172 (D. Or. 2004).

Further, the local rules require moving parties to separate their motions from their supporting legal memorandum under separate headings. LR 7-1(b), (c). Local Rule 7-1(b), in effect at the time Kazemy filed her motion, stated "[m]otions may not be combined with any response, reply, or other pleading."[2] The version of Local Rule 7-1(c) then in effect provided "[e]very motion must be accompanied by a separately filed legal memorandum."[3]

District courts have broad discretion in interpreting and applying their local rules. LR 7-1(a)(2); *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983). The district court, in its discretion, may remedy a violation of Local Rule 7-1(a) by denying the motion. LR 7-1(a)(2).

Kazemy failed to comply with two local rules in the filing of her motion to remand. (BMW's Mem. in Opp'n to Pl.'s Mot. for Remand ("BMW's Opp'n") at 2-3; Pl.'s Reply at 2.) BMW asserts, and Kazemy concedes, that Kazemy did not certify that she conferred with counsel pursuant to Local Rule 7-1(a)(1), and did not support her motion to remand with a separately filed legal memorandum pursuant to Local Rule 7-1(b) and (c). BMW asks the court to not consider Kazemy's motion because of these local rule violations, and Kazemy asks the court to forgive her violations in the interest of justice, fairness, and the fact that the parties did actually confer prior to Kazemy's motion to remand.

Kazemy's two procedural violations do not require dismissal of her motion. First, because Kazemy actually did confer with BMW prior to filing her motion to remand, her violation of Local

---

[2] The language of Local Rule 7-1(b) was revised on March 1, 2014, "to require the motion and legal memoranda to occur in a single document with separate sections." LR 7-1(b) Amendment History.

[3] Local Rule 7-1(c) currently provides, in part, that "[e]very motion must be supported by a legal memorandum. The legal memorandum must be combined in a single document with the motion."

Page 4 – FINDINGS AND RECOMMENDATION                                    *{EZ}*

Rule 7-1(a) consists only of failing to indicate in her motion that the parties conferred. Second, that she did not separate her motion from her supporting legal memoranda is a formatting error that does not bear on the merits of her motion or on the conferral requirement's purpose. Thus, Kazemy's rule violations will be forgiven here. The court's determination, however, does not undermine the importance of compliance with the court's local rules, and future adherence to them is expected and will be enforced for the remainder of this case.

*Legal Standard*

A defendant who is not a resident of the forum state may remove from state court to federal court any civil action that could have been originally filed in federal court. 28 U.S.C. § 1441(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89-90 (2005); *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013). Original jurisdiction exists when either complete diversity exists, or when plaintiff's cause of action arises out of federal law or is otherwise permitted by federal law. 28 U.S.C. §§ 1331, 1332.

Complete diversity means each plaintiff is a citizen of a state different from each defendant and the amount in controversy exceeds the statutory minimum, currently $75,000. 28 U.S.C. § 1332. When a case is removed to federal court based on diversity, jurisdiction is determined at the time of removal. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). The amount in controversy is determined "from the face of the pleadings" as they exist when a petition for removal is filed. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000); *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237 (9th Cir. 2014) (internal citation and quotations omitted). Attorney fees may be considered as part of the amount in controversy when the underlying statute authorizes an award of fees. *Galt v. JJS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The

removal statute is strictly construed against removal jurisdiction, and the defendant bears the burden of establishing that removal is proper. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

*Discussion*

BMW removed this action asserting the existence of diversity jurisdiction. District courts may exercise original jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, the parties are citizens of different states, and citizens of or subjects of a foreign are additional parties. 28 U.S.C. §1332(a).

I.  Diversity of Parties

Original diversity jurisdiction in federal court requires both parties to be completely diverse in citizenship from one another. 28 U.S.C. § 1332(a)(1). An individual is a citizen of the state where she is domiciled, while a corporation is deemed a citizen of every state where it is incorporated and of the state where it has its principle place of business. 28 U.S.C. § 1332 (c)(1). By the plain wording of the statute, a corporation can have only one principle place of business, though it could have multiple places of incorporation. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The principal place of a corporation's business is usually where its headquarters are located, and is also called the corporation's "nerve center" – the place where the corporation's officers control, direct, and coordinate the corporation's activities. *Id*. at 93.

The parties in this case are completely diverse from one another. Kazemy is a citizen domiciled in Oregon. (Pl.'s Motion at 2.) Further, BMW is incorporated Delaware and its principal place of business is in New Jersey. (Pl.'s Reply at 1.) Thus, the parties are completely diverse from one another.

Despite the parties' diversity, Kazemy argues that BMW's continuous presence in Oregon through advertisement, sale, and repair of vehicles requires BMW to consent to jurisdiction "in the local courts." (Pl.'s Motion at 2) (citing *State ex rel. Blackledge v. Latourette*, 186 Or. 84, 94 (1949)). Kazemy's argument confuses consent to personal jurisdiction within a state based on minimum contacts, with the federal court's subject matter jurisdiction to hear a case. *See generally Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945) (holding businesses operating in and maintaining "minimum contacts" with a foreign state can be subject to personal jurisdiction in that state). Personal jurisdiction and the minimum contacts analysis is irrelevant here because the question at issue is subject-matter jurisdiction.

Further, the Oregon case Kazemy cites does not support her motion to remand. The full quote from *Blackledge* makes clear the case involved personal jurisdiction, which can be consented to, and not subject-matter jurisdiction, which cannot be. "A foreign corporation which appoints a statutory agent under a law requiring it as a condition of doing business in a state will be presumed to consent to suit in the local courts, state and federal." *Blackledge*, 186 Or. at 94 (citing *Lee v. Acme Freight Lines*, 54 F. Supp. 397, 398 (S.D. Ga. 1944)). Thus, *Blackledge* does not support Kazemy's argument. In short, the parties are completely diverse because Kazemy is domiciled in Oregon, and BMW is deemed to be a citizen of Delaware and New Jersey only.

II.  Amount in Controversy

The parties dispute that Kazemy's damages allegations satisfy the amount-in-controversy requirement for diversity jurisdiction. Kazemy argues her claims, even when aggregated, do not meet the $75,000 threshold because she is not entitled to the full amount of damages pleaded in her complaint. (Pl.'s Motion at 2.) See *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 585

(2005) (a plaintiff asserting two or more separate claims against a single defendant can satisfy amount-in-controversy requirement by aggregating the damages alleged in each of the claims). She argues the value of her compensatory damages claim should be measured by the cost of the repurchased or replaced vehicle, minus the value of the Vehicle which BMW receives in exchange, and minus the mileage offset for Kazemy's use of the vehicle. (Pl.'s Motion at 3.) Under this calculation, she argues, damages likely will not exceed $75,000. (Pl.'s Motion at 3.)

Whether jurisdiction exists is a decision made based on the allegations in the complaint at the time of removal. *St. Paul*, 303 U.S. at 291. This remains true even if a plaintiff amends the complaint to plead damages in an amount below the statutory minimum. *See St. Paul*, 303 U.S. at 293 ("[E]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."); *Peterson v. Morris*, 502 Fed. Appx. 698, 699 (9th Cir. 2013)(diversity jurisdiction existing at the commencement of an action is not divested by a later reduction of the amount in controversy or a change in the parties' citizenship)(citing *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999)); *American Dental Indus., Inc. v. EAX Worldwide, Inc.*, 228 F. Supp. 2d 1155, 1157 (D. Or. 2002) ("[J]urisdiction attaches at the time of removal, and subsequent events cannot deprive the Court of jurisdiction. Because Plaintiff alleged damages in excess of the statutory minimum in its original Complaint, removal was and remains proper."). Further, the sum claimed by the plaintiff in the complaint controls so long as the claim is (1) permitted by law, and (2) made in good faith, unless it is obvious from "the face of the pleadings" that, "to a legal certainty," the plaintiff cannot recover the amount alleged in her complaint. *Pachinger v. MGM Grand Hotel-Las Vegas*, 802 F.2d 362, 364 (9th Cir. 1986); *St. Paul*, 303 U.S. at 289; *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel Lhotka*, 599 F.3d 1102,

1106 (9th Cir. 2010).

The claims for damages Kazemy asserts in her complaint are both permitted by law and appear to have been made in good faith. First, her damages claims are permitted under Oregon statutory law. The Oregon Lemon Law permits both compensatory and bad faith damages of the type Kazemy alleged in her complaint. Under the Oregon Lemon Law, manufacturers of defective vehicles may be liable for compensatory damages in the form of either replacing the defective vehicle or refunding the consumer the full purchase price minus a "reasonable allowance for the consumer's use of the motor vehicle." OR. REV. STAT. § 646A.404(1). The Oregon Lemon Law also permits her to recover a bad faith penalty damage if BMW acted in bad faith. OR. REV. STAT. § 646A.412(1). Damages for bad faith can be treble the amount of compensatory damages but cannot exceed $50,000. Here, plaintiff asserts $35,000 in compensatory damages, which could amount to $105,000 if trebled for bad faith. Thus, Kazemy's complaint, on its face, alleges bad faith damages to the maximum $50,000 cap set by the Oregon Lemon Law.

Second, both of Kazemy's claims for damages appear to have been made in good faith. Her compensatory damages claim is supported by the Vehicle purchase report filed with and referred to in her complaint, which reflects a cash sales price of $35,000 and thereby setting the value for her compensatory damage claim. (Compl. Ex. A.) Second, Kazemy's punitive damages claim for $50,000 is supported by allegations that BMW directed Kazemy to produce the vehicle to BMW Salem, the only authorized BMW-authorized dealer in Kazemy's home town, but then directed BMW Salem not to accept, but rather refuse to repair, the Vehicle . (Compl. ¶ 55.) These factual allegations adequately support Kazemy's claim that BMW "acted in bad faith to prevent any further warranty repair and inspection of the [V]ehicle" depriving Kazemy the use of the Vehicle for a

period of time. (Pl.'s Compl. ¶¶ 56-57.)  Additionally, the amount of punitive damages sought is consistent with that recoverable under the Oregon Lemon Law.

Kazemy represents that after the filing of this action, BMW Salem accepted the Vehicle for repair.  In the event BMW Salem continues to service the Vehicle, Kazemy intends to drop her request for bad faith damages, bringing the amount then in controversy to $35,000.  The amount in controversy is determined at the time a petition for removal is filed.  Any change to the damages sought after that time, is irrelevant.  *Peterson v. Morris*, 502 Fed. Appx. 698, 699 (9th Cir. 2013)(diversity jurisdiction existing at the commencement of an action is not divested by a later reduction of the amount in controversy or a change in the parties' citizenship), citing *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999)).

The court finds that the parties to this action are residents of different states and that Kazemy has, in good faith, alleged damages in excess of $75,000.  Accordingly, this court has diversity jurisdiction over this action, BMW's removal of this action to federal court based on diversity jurisdiction was proper,  and Kazemy's motion to remand for lack of subject matter jurisdiction should be denied.[4]

*Conclusion*

Kazemy's motion to remand (#10) should be DENIED.

Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **June 30, 2014**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

---

[4]The court has not considered, and this Findings and Recommendation does not address, whether Kazemy has stated a viable claim under the Act.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 13th day of June, 2014.


    /s/ John V. Acosta
    JOHN V. ACOSTA
    United States Magistrate Judge